UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMONA AUDREY SMITH,

        Plaintiff,

-vs-

ANDREW M. SAUL, *Commissioner of Social Security*,[1]

        Defendant.

DECISION AND ORDER

17-CV-6641-CJS

---

# INTRODUCTION

**Siragusa, J.** This Title II Social Security appeal is before the Court to review the final decision by the Commissioner. For the reasons stated below, this matter must be remanded for a rehearing.

# PROCEDURAL BACKGROUND

This Social Security appeal is before the Court on cross-motions for judgment on the pleadings by the parties. Plaintiff filed for benefits on September 9, 2014, alleging that her disability began on April 13, 2014, subsequent to a foot fracture. She claims she suffers from a fracture and dislocation of the first and second tarsometatarsal joints in her right foot after it was run over by a tractor. The Social Security Administration denied her claim initially, and she appeared via videoconference for a hearing before an administrative law judge ("ALJ") who presided from Falls Church, Virginia. Plaintiff was represented by counsel, and a vocational expert testified at the hearing.

The ALJ issued a decision on April 19, 2016, finding Plaintiff had the following severe impairment: "fracture and dislocation of the first and second tarsometatarsal joints." R. 14. Nevertheless, he determined that Plaintiff retained the residual functional capacity ("RFC") for light work and could perform her past relevant work as a sander, or service station manager. R. 21. Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied her

---

[1] The president nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

request for review on July 19, 2017, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this lawsuit on September 14, 2017.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

## ANALYSIS

The ALJ noted in his decision that the Record does not contain any medical source opinions. R. 17. "That is, the record does not contain any statements from acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairment, including symptoms,

2

diagnosis and prognosis, what she can still do despite her impairment, and her physical or mental restrictions." *Id*. Nevertheless, the ALJ determined that Plaintiff could perform light exertional level work with some limitations,[2] and that she could perform her past relevant work as a sander, inspector, or service station manager.

Decisions in this district have consistently held that an ALJ's RFC determination without a medical opinion backing it is, in most instances, not an RFC supported by substantial evidence. *Clifton v. Comm'r of Soc. Sec.*, No. 17-CV-946(T), 2019 U.S. Dist. LEXIS 88307, at *7 (W.D.N.Y. May 24, 2019); *see also Pryn v. Berryhill*, No. 16-CV-315-FPG, 2017 U.S. Dist. LEXIS 65830, at *9 (W.D.N.Y. May 1, 2017) ("It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this determination without reliance on a medical opinion."); *Stein v. Colvin*, No. 15-CV-6753-FPG, 2016 U.S. Dist. LEXIS 175111, at *10 (W.D.N.Y. Dec. 19, 2016) (same); *Dale v. Colvin*, No. 15-CV-496-FPG, 2016 U.S. Dist. LEXIS 101193, at *9 (W.D.N.Y. Aug. 2, 2016) ("There is no medical opinion regarding her capacity to sit, stand, walk, or lift, which are necessary activities for sedentary work. *See* 20 C.F.R. § 416.967(a). Yet the ALJ, who is [*10] not a medical professional, somehow determined that Dale could perform sedentary work because a lumbosacral spine MRI showed "little abnormalities," a cervical MRI was "unremarkable," and "the treatment notes generally showed only a few objective findings."); S*chmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

The Commissioner points out that in a new patient visit on February 15, 2016, Plaintiff did not mention her foot pain. Comm'r's Mem. of Law 2–3, Nov. 14, 2018, [ECF No. 17-1](ECF No. 17-1); R. 232. The Court notes that the Assessment portion noted Plaintiff's "ankle fracture" (evidently an error), but the record does not contain any entry in the "Plan" section to address it. Further, the document does note that Plaintiff was "[t]aking Aleve 220 MG Tablet 1 tablet as needed every 12 hrs…," which

---

[2] "[E]xcept that she cannot climb ladders or similar devices or work in hazardous environments." R. 18.

3

Plaintiff described to the ALJ as her means of dealing with the pain. R. 232. In her hearing testimony, Plaintiff was asked the following questions and gave the following responses:

> Q. Okay. All right. And why didn't you go back [to work] after you were done with the treatment for the foot?
>
> A. Because it was over a year, and the doctor hadn't released me yet. And it still swells up, to this day, and very sore.
>
> Q. Okay. All right. And are you just taking aspirin?
>
> A. Yeah. Aleve or—
>
> Q. Okay.
>
> A. —ibuprofen, whichever I have....
>
> Q. Does it help?
>
> A. It dulls it, you know, to where I can tolerate it more, the pain.

R. 33, 37–38.

The ALJ focused on Plaintiff's use of only over-the-counter medications for pain, implying that her pain was not significantly a hindrance for walking and standing most of a working day. However, in *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008), the Second Circuit cautioned:

> The fact that a patient takes only over-the-counter medicine to alleviate her pain may, however, help to support the Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record, such as the opinions of other examining physicians and a negative MRI.

*Burgess*, 537 F.3d at 129.

The ALJ's determination that Plaintiff can stand or walk for most of a working day is not supported by substantial evidence.[3] In her description of her past relevant work, Plaintiff stated that she was on her feet pumping gas from six until ten in the morning, R. 28, and that she was "constantly running," R. 29. When she described her prior position at Gunlocke as "sander, inspector," the ALJ

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of **light work**, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967 (Lexis Advance through the June 12, 2019 issue of the Federal Register. Title 3 is current through June 7, 2019)

4

asked no questions about whether that job required standing, walking, or sitting. Even though Plaintiff was represented, the ALJ was not relieved of his duty to fully develop the record. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Plaintiff testified that she could stand about ten minutes before needing to sit down and that she could walk about three minutes. R. 36. She described that her foot swells daily and she must raise it up and put ice on it. R. 37.

The Dictionary of Occupational Titles ("DOT"), to which the ALJ referred, contains this description for job code 761.684-030, which the ALJ references in his decision:

> Cleans, shapes, and smooths parts of smoking pipes: Positions specified grade of sandpaper on sanding machine spindle and turns nut to secure sandpaper. Starts machine and holds part, such as bowl or stem, against rotating disk, using varying pressure, or positions pipe bowl on spindle and holds sandpaper against revolving bowl to clean, shape, or smooth pipe. May be designated according to degree of sanding as Fine Sander (fabrication, nec); Rough Sander (fabrication, nec); or according to part or area sanded as Bit Sander (fabrication, nec); Bottom Sander (fabrication, nec); Bowl Topper (fabrication, nec); Shank Sander (fabrication, nec); or according to sanding objective as Putty Remover (fabrication, nec). May sand shank to fit flush with stem and be designated Flusher (fabrication, nec). May position pipe bowl on spindle and hold sandpaper against revolving bowl to smooth and shape bowl.
>
> GOE: 06.04.34 STRENGTH: L GED: R2 M1 L1 SVP: 2 DLU: 78

DOT 761.684-030 *available at* https://occupationalinfo.org/76/761684030.html (last accessed June 17, 2019); R. 21. Sanding furniture, such as the desks and tables Plaintiff described, R. 27, is likely to require standing and walking, unlike the sanding of smoking pipes. Further, the testimony by the vocational expert at first classified her service station manager job as requiring medium exertion. R. 43. He later testified, "[b]ecause of the specificity of the service station, even though she was doing things, we would go down to light level,…" R. 44, but never explained why.

The ALJ's RFC determination that Plaintiff could perform light work is not supported by substantial evidence in the Record. The Court is "unable to fathom the ALJ's rationale in relation to evidence in the record," especially because "credibility determinations and inference drawing is required of the ALJ." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). It is, therefore, incumbent on the Court to "not hesitate to remand the case for further findings or a clearer explanation for the decision." *Id*. Further, even if the ALJ's RFC determination was supported by substantial evidence,

the Commissioner has not met his burden of proving that Plaintiff could perform her past relevant work as a furniture hand sander or service station manager.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings, ECF No. 12, is granted, and the Commissioner's cross-motion, ECF No. 17, is denied. This matter is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited rehearing. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATE: June 19, 2019
      Rochester, New York      /s/ Charles J. Siragusa
                                       CHARLES J. SIRAGUSA
                                       United States District Judge