UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAMONA AUDREY SMITH,

                              Plaintiff,            DECISION AND ORDER

-vs-

                                                 6:17-CV-6641 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Now before the Court is a motion for attorney fees pursuant to 42 U.S.C. § 406(b) by Plaintiff's attorney, Brandi Smith, Esq., of the Law Offices of Kenneth Hiller PLLC ("Attorney Smith"). Mot. for Att'y Fees, Dec. 19, 2019, ECF No. 27. Attorney Smith represented Plaintiff Ramona Audrey Smith ("Plaintiff") in this Court's review of a denial of benefits by the Commissioner of Social Security ("Commissioner") that resulted in a reversal of the Commissioner's decision and a remand for further proceedings. Dec. and Order, June 19, 2019, ECF No. 22. For the reasons set forth below, Attorney Smith's motion for attorney fees (ECF No. 27) is granted, and she is directed to refund to Plaintiff the $5,561.28 that she was previously awarded under the Equal Access to Justice Act.

## BACKGROUND

Plaintiff filed her application for disability benefits under Title II of the Social Security Act on September 9, 2014, alleging an onset date of April 13, 2014. Mot. for

1

Att'y Fees Ex. 3 (ALJ's[1] Decision), 5, Dec. 19, 2019, ECF No. 27-3.   After her claim was denied, Plaintiff received a hearing before an ALJ, at which she was not represented by Attorney Smith or the Kenneth Hiller law firm.[2]  *Id.* at 2.   The ALJ rendered an unfavorable decision to Plaintiff, and the Commissioner's Appeals Council denied Plaintiff's request for review.   Compl. Ex. A (ALJ's decision), Sept. 14, 2017, ECF No. 1-1.

On August 8, 2019, Plaintiff executed a fee agreement for Attorney Smith's representation of Plaintiff for this Court's review of the Commissioner's final decision under 42 U.S.C. § 405(g).   Mot. for Att'y Fees, Ex. 5 (Fee Agreement), Dec. 19, 2019, ECF 27-5.   The provisions of the fee agreement most relevant to the present motion read as follows:

> Attorney and Client understand that for a fee to be payable, the Social Security Administration (SSA) and/or court must approve any fee my representative charges or collects for me for services my representative provides in proceedings before SSA or a federal court . . . .
>
> If I do receive Social Security benefits, the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim or $6,000, whichever is lower . . . [But if] an appeal is taken of the decision of an Administrative Law Judge to the Appeals Council or to a federal court, the $6,000.00 limit shall not apply . . . .
>
> If my claim goes to federal district court, I consent to have my attorney apply for fees in such a manner as to maximize the fee paid to him, even though it may eliminate or decrease a fee refund under the Equal Access to Justice Act (EAJA) to which I might have been otherwise entitled ….
>
> I acknowledge that a federal court may award my attorney a reasonable

---
[1] Administrative Law Judge
[2] Plaintiff was represented at her hearing before the ALJ by Sean Sullivan, a non-attorney, and attorney Jared Cook.   Compl. Ex. A (ALJ's decision) at 5.

2

fee under the Equal Access to Justice Act (EAJA), in which event such award shall be payable to my attorney and retained by my attorney to the extent permitted by law, and I shall not be entitled to any such award and assign said award to my attorney; provided, however, that I may be entitled to a credit for such fee in the event my attorney is awarded an additional fee for federal court services under 42 U.S.C.A. § 406(b) . . . .

*Id.*

Attorney Smith filed a complaint against the Commissioner on Plaintiff's behalf in this Court on September 14, 2017, and a motion for judgment on the pleadings on August 16, 2018. Mot. J. on Pleadings, Aug. 8, 2018, ECF No. 12. In her 13-page memorandum of law, Attorney Smith provided an extensive factual background, and argued persuasively that the ALJ relied upon his own lay interpretation of medical evidence to support his assessment of Plaintiff's residual functional capacity. Mem. of Law, 9, Aug. 16, 2018, ECF No. 12-1. Attorney Smith also drafted and filed a cogent reply brief to respond to the Commissioner's opposition. Reply, Dec. 4, 2018, ECF No. 18. Subsequently, this Court entered a Decision and Order finding that the Commissioner's decision was not supported by substantial evidence, and remanding the case for further proceedings. Dec. and Order, 5–6, June 19, 2019, ECF No. 22. Soon thereafter, Attorney Smith filed a motion for attorney's fees under the Equal Access to Justice Act, and in a stipulated order was awarded $5,561.28. Order, Oct. 15, 2019, ECF No. 26.

Plaintiff received a fully favorable decision upon remand, and the Commissioner mailed Plaintiff a Notice of Award on December 8, 2019,

communicating the Commissioner's determination that Plaintiff was entitled to $73,184.00 in past due benefits. Mot. for Att'y Fees Ex. 4 (Notice of Award), Dec. 19, 2019, ECF No. 27-4. The Notice of Award also informed Plaintiff that $18,023.50 was being withheld to pay Plaintiff's representative, if applicable. *Id.* at 3.

Following receipt of the Notice of Award, Attorney Smith timely filed the present motion with this Court under 42 U.S.C. § 406(b), requesting attorney fees of $18,023.50. Mot. for Att'y Fees, ECF No. 27. Attorney Smith acknowledges that if the Court awards her fees in this action, she must refund to Plaintiff the $5,561.28 in fees that she received under the Equal Access to Justice Act. *Id.* The Commissioner was properly noticed on Attorney Smith's motion, and has responded that he "takes no position on this request, but rather he defers to the Court's sound discretion as to the reasonableness of the requested fee award." Resp., 2, Jan. 6, 2020, ECF No. 29.

## DISCUSSION

42 U.S.C. § 406(b)(1)(a) provides that in claims against the Commissioner, "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." The fee awarded cannot be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," and it is paid "out of, and not in

addition to, the amount of [the claimant's] past-due benefits."[3] *Id.* An attorney receiving fees under this provision is not entitled to payment of any other fee. *Id.*

In this case, Plaintiff and Attorney Smith entered into a contingent-fee agreement under which Attorney Smith would represent Plaintiff in exchange for twenty-five percent of past due benefits, if awarded. Mot. for Att'y Fees Ex. 5 (Fee Agreement), ECF No. 27-5. The Supreme Court has held that courts should evaluate such contingent-fee arrangements "by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)).

However, a contingent-fee agreement is not *per se* reasonable. *Id.* When assessing the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805 (explaining the Congressional intent of the provision). Several factors are important in making this determination:

---

[3] This is in contrast to attorney fees awarded under the Equal Access to Justice Act (EAJA). The EAJA provides that the agency against which the action was brought pays the attorney's fees of the prevailing party unless the court finds that the agency's position was "substantially justified." 28 U.S.C. § 2412(d).

> These factors include: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn*, 389 F. Supp. 2d at 456 (quoting *Gisbrecht*, 535 U.S. at 808).

As indicated above, Plaintiff's fee agreement in this case plainly states that for appeals of the Commissioner's decision before a federal court "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim." Mot. for Att'y Fees Ex. 5 (Fee Agreement), ECF No. 27-5. Hence, the fee agreement expresses a clear contingent-fee arrangement that does not exceed the statutory maximum of twenty-five percent of past-due benefits. *See* 42 U.S.C. 406(b)(1)(A).

Moreover, the first and second reasonableness factors weigh in favor of Attorney Smith's request. First, Attorney Smith clearly secured Plaintiff an excellent result. Her briefing of the issues contributed to this Court's holding that the ALJ's decision was not supported by substantial evidence, and on remand Plaintiff was eventually determined to be entitled to $73,184 in past due benefits. *See, e.g., Lofton v. Berryhill*, No. 6:17-CV-06459-MAT, 2019 WL 180673, at *2 (W.D.N.Y. Jan. 14, 2019) ("[c]ounsel's effective briefing secured a reversal and remand for further administrative proceedings. Following remand, an ALJ issued a fully favorable decision."). Second, there is no indication that Attorney Smith unreasonably delayed the proceedings to increase her own fee.

6

With respect to assessing the third reasonableness factor, whether the fee award constitutes a "windfall," neither the Supreme Court nor the Second Circuit have provided a bright-line test. *See Goins o/b/o J.D.G. v. Berryhill*, No. 6:16-CV-06398-MAT, 2019 WL 311620, at *2 (W.D.N.Y. Jan. 24, 2019). Nevertheless, the Supreme Court has suggested that conducting what is essentially a lodestar analysis may be helpful, though not determinative. *See Gisbrecht*, 535 U.S. at 808 (observing that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Further, the Second Circuit has cautioned courts to be mindful that "payment for an attorney in a [S]ocial [S]ecurity case is inevitably uncertain," and recognize "that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Wells v. Berryhill*, No. 15-CV-0334-A, 2018 WL 6047273, at *2 (W.D.N.Y. Nov. 19, 2018) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). Lastly, other courts in this Circuit have considered the evidence of effort expended by the attorney, the attorney's experience and efficiency, and the length of representation, including work done at the administrative agency level. *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008).

Taking the foregoing guidance into account, the Court notes that based on the itemized statement submitted, Attorney Smith spent a total of 28.63 hours representing Plaintiff in the district court. Mot. for Att'y Fees, Ex. 1 (Decl.), ¶ 11,

7

Dec. 19, 2019, ECF No. 27-2. Attorney Smith has worked on Social Security cases since 2016, and has handled 68 hearings before an ALJ and over 240 cases in this district. *Id.* at ¶ 3–4. She did not represent Plaintiff at the administrative agency level, but the work she completed during her 28.63 hours in the matter was largely substantive.[4] *Compare Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (2015) (noting that "the record here shows that [counsel] spent a total of 9.5 hours reviewing the Plaintiff's records and files and discussing the case with the Plaintiff, while devoting only 2.2 hours to drafting and filing the complaint, the only substantive legal document filed in this case.") Dividing the § 406(b)(1) fee requested ($18,023.50) by the total hours expended by counsel (28.63) yields an effective hourly rate of $629.53, as compared with Attorney Smith's normal hourly rate of $300. Mot. for Att'y Fees Ex. 1 (Decl.) at ¶ 14.

The Court takes seriously the fact that a contingency fee agreement "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. The Court is also aware that "courts in this Circuit routinely approve fee awards in the [S]ocial [S]ecurity context that are above the regular hourly rates." *Heffernan v.*

---

[4] According to her Declaration, Attorney Smith spent: two and one-half hours on her initial review of the record and prior proceedings, approximately twenty hours on her motion for judgment on the pleadings and supporting memorandum of law, and an additional five hours on the reply brief. Mot. for Att'y Fees Ex. 1 (Declaration) at ¶ 11. By contrast, she spent only one and one-third hours on clerical tasks and client correspondence, and one hour drafting her motion for attorney's fees under the EAJA. *Id.*

8

*Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015) (citing *Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work); *Warren v. Astrue*, No. 06–CV–2933 CBA, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) (approving $25,000.00 for 38 hours of work); and *Rowell v. Astrue*, No. 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (approving $27,413.19 for 72.25 hours of work).

Thus, in assessing whether Attorney Smith's requested fee of $18,023.50 is reasonable under § 406(b), the Court is very cognizant of the fact that Attorney Smith assumes the risk of non-payment with all of the Social Security clients she represents. Accordingly, the Court finds that an award of this fee—amounting to an hourly rate of $629.53—satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their Social Security appeals. *Devenish,* 85 F. Supp.3d at 639 (citing *Muniz v. Astrue*, No. 09-CV-3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011)). This fee reasonably compensates an attorney of Attorney Smith's experience and competence in handling Social Security claims when factoring in the risk of non-payment.

## CONCLUSION

For the reasons set forth above, Attorney Smith's motion [ECF No. 27] is granted and Attorney Smith is awarded attorney's fees in the amount of $18,023.50. Upon receipt of this award, Attorney Smith is directed to refund to Plaintiff the $5,561.28 in fees that Attorney Smith was previously awarded under the Equal

Access to Justice Act. The Clerk is directed to close this case.

SO ORDERED.

DATED: April 13, 2019
Rochester, New York

*[signature: Charles J. Siragusa]*
CHARLES J. SIRAGUSA
United States District Judge